# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN BERNARDINO COUNTY et al.,<br><br>    Defendants. | No. ED CV 20-01443-FMO (DFM)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

In July 2020, state prisoner Raymond Garcia II ("Plaintiff") filed a pro se civil rights Complaint under 42 U.S.C. § 1983. See Dkt. 1. On July 23, 2020, the Court ordered Plaintiff to submit a completed CV-60P within 21 days, see Dkt. 5, which Plaintiff did not do. The Court therefore issued an order to show cause, see Dkt. 9, ordering Plaintiff within 28 days to either file his completed CV-60P or show good cause in writing why this case should not be dismissed for failure to prosecute and failure to comply with the Court's prior order. Plaintiff did not respond.

A plaintiff bears the burden of showing a financial inability to pay the filing fee. 28 U.S.C. § 1915(a); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005) (prisoners must demonstrate that they are not able to pay the filing fee with affidavit and submission of prison trust account records). To qualify for in forma pauperis status, a civil litigant must demonstrate both that he is unable

to pay court fees and that the claims he seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990). Despite being warned of his burden to show financial inability to pay the filing fee, Plaintiff has not demonstrated that he is unable to pay the filing fee.

Furthermore, district courts have the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 629-31 (1962). This applies to pro se litigants as well, who are expected to comply with the same procedural standards as represented litigants. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). The following factors are relevant in determining whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the first and second factor favor dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff has failed to respond to the Court's order or seek an extension. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third factor weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when there is a failure to prosecute diligently. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to offer any excuse or reason for his failure to respond by

the deadline. Plaintiff's unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002).

The fourth factor generally weighs against dismissal; however, it assumes that a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. <u>See</u> <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[T]his factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." (citation omitted)). Where, as here, the prisoner-plaintiff has failed to respond to a valid Court order, the fourth factor favors dismissal.

Finally, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal where, as here, the Court explicitly warned Plaintiff of the need to file a response, lest this action be dismissed for failure to prosecute. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1263 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

Accordingly, this matter is dismissed without prejudice for failure to prosecute. Judgment shall be entered accordingly.

Date: 10/30/20

_____
/s/
FERNANDO M. OLGUIN
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge